NOT FOR PUBLICATION                                                                                     (Doc. No. 4)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |
|---|---|
| Wayne MORELLO, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>              v.<br><br>LAW OFFICES OF<br>FREDERIC I. WEINBERG<br>& ASSOCIATES, P.C., and<br>JOHN DOES 1-25,<br><br>                    Defendants. | Civil No. 15-0688 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* comes before the Court on the motion of The Law Offices of Frederic I. Weinberg & Associates, P.C. ("Defendant") to dismiss the complaint of Wayne Morello ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff has failed to state a claim upon which relief can be granted, Defendant's motion to dismiss is **GRANTED**.

**I.      BACKGROUND**

The FDCPA, 15 U.S.C. § 1692 *et seq.*, provides a cause of action to consumers who have been subjected to "the use of abusive, deceptive, and unfair debt collection practices . . . ." 15 U.S.C. § 1692(a). In this matter, Plaintiff argues that Defendant used practices prohibited by the FDCPA to collect a debt from Plaintiff. Specifically, Plaintiff refers to a letter ("Collection Letter") he received from Defendant on January 8, 2015. Letter from The Law Offices of

1

Frederic I. Weinberg & Associates, P.C., to Wayne Morello, January 8, 2015, Compl., Ex. A. The Collection Letter informed Plaintiff that Defendant had been retained by "Bank of America, N.A., successor-in-interest to FIA Card Services," and that Plaintiff owed Bank of America $6,565.72. *Id.* The Collection Letter stated: "Please be advised that the Bank intends to invoke its right to file a lawsuit against you." *Id.* The letter also advised Plaintiff of the following:

> If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you. Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after your receipt of this letter, we will assume that the debt is valid.

*Id.* The Collection Letter explained that "The Law Offices of Frederic I. Weinberg & Associates, P.C. is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.*

The Complaint points to no correspondence with Defendant other than the Collection Letter. Plaintiff alleges that the Collection Letter violates the FDCPA in various ways, which are enumerated in Section III, *infra.* Defendant has moved to dismiss on the grounds that Plaintiff's complaint fails to state a claim upon which relief may be granted, and Plaintiff has opposed the motion.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled for relief. *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III. DISCUSSION

Plaintiff alleges that Defendant's Collection Letter violated FDCPA sections 1692g and 1692e because the letter included "language or text that contradicts and/or overshadows the

3

required debt collection notices" and used "false representations or deceptive means to collect or attempt to collect any debt." Compl., ¶ 27.

Courts should analyze "[l]ender-debtor communications potentially giving rise to claims under the FDCPA" under the "least sophisticated debtor" standard. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). This is not a standard of reasonableness, because "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). Although the standard is low, it still "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000).

**A. Section 1692g**

Section 1692(g)(a) of the FDCPA requires a debt collection communication to include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . ." 15 U.S.C. § 1692g(a)(3). Plaintiff does not dispute that Defendant provided the required thirty-day notice. However, Plaintiff claims that Defendant violated the provision of section 1692g(b) that indicates that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. §1692g(b). According to Plaintiff's complaint, Defendant's statement that "'Please be advised that the Bank intends to invoke its right to file a lawsuit against you' overshadows and stands in sharp contradiction to the required thirty-day validation notice" in violation of section 1692g(b).

Compl., ¶ 34. "[W]hether language in a collection letter contradicts or overshadows the validation notice is a question of law." *Wilson*, 225 F.3d at 353 n.2.

Contrary to Plaintiff's argument, the Collection Letter did not violate FDCPA section 1692g. The first paragraph of the Collection Letter does not overshadow or contradict the required validation notice. As in *Wilson*, "[t]he validation notice was presented in the same font, size and color type-face" as the first paragraph of the letter and "the required notice was set forth on the front page of the letter immediately following" the first paragraph. *Id.* at 356. As such, the statement "Please be advised that the Bank intends to invoke its right to file a lawsuit against you" does not overshadow the validation notice. Defendant's identity as a debt collection law firm is irrelevant. Even the least sophisticated debtor would read the Collection Letter and understand his statutory validation rights.

Furthermore, Plaintiff does not show any "actual or apparent contradiction between" the required thirty-day notice and the statement that Bank of America intends to invoke its right to file a lawsuit. *Id.* Unlike the letter in *Crossley v. Lieberman*, the Collection Letter did not imply that a suit was ongoing or threaten to take action "within one week." *See* 868 F.2d 566, 571 (3d Cir. 1989). As in *Wilson*, Defendant's Collection Letter "does not make an explicit demand for payment." *Wilson*, 225 F.3d at 356. Plaintiff had thirty days to invoke his validation rights under the FDCPA, and Bank of America intended to invoke its right to file a lawsuit. These rights are not mutually exclusive. There is no contradiction, actual or apparent, between the Plaintiff's rights and those of Bank of America.

Applying the "least sophisticated debtor" standard, the Third Circuit in *Wilson* found that a letter that gave the recipient the option of either paying a debt immediately and avoiding further action, or disputing the alleged debt within thirty days, did not violate section 1692g. *Id.*

The court "reject[ed] [the plaintiff's] argument that the statement affording him an opportunity to pay immediately and avoid further action is the equivalent of demanding payment within a period of less than thirty days." *Id.* (internal quotation marks omitted). Defendant's statement that "the Bank intends to invoke its right to file a lawsuit" is also not the equivalent of demanding payment within a period of less than thirty days. As such, the contested language in the Collection Letter does not overshadow or contradict the required validation notice.

### B. Section 1692e

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. More specifically, section 1692e(5) states that it is a violation of the FDCPA to threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Section 1692e(10) provides a catch-all, generally prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(10). Plaintiff asserts that Defendants "falsely represented that regardless of whether, or not, Plaintiff disputed the alleged debt within the statutory thirty (30) day period, WEINBERG would file a lawsuit against him." Compl., ¶ 38.

The Collection Letter stated "Please be advised that the Bank intends to invoke its right to file a lawsuit against you." Compl., Ex. A. The statement in the Collection Letter would be a false representation in violation of both section 1692e(5) and 1692e(10) if (1) Bank of America did not have the right to legally file a lawsuit against Plaintiff, or (2) Bank of America never intended to invoke its right to file a lawsuit against Plaintiff. But the Plaintiff's Complaint does not provide any facts to support either theory. "Threadbare recitals of the elements of a cause of

6

action, supported by mere conclusory statements, do not suffice" to state a cause of action and survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## IV.  LEAVE TO AMEND

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Whether the contested language in the Collection Letter violates FDCPA section 1692g is a question of law, and thus it would be futile to grant leave to amend Count I of Plaintiff's Complaint. In contrast, whether the contested language is a false representation in violation of section 1692e is a question of fact, and so Plaintiff has leave to amend Count II of his Complaint.

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's FDCPA claims is **GRANTED**. Count I of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Count II of Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated:  08/28/2015                                                          /s Robert B. Kugler

ROBERT B. KUGLER

United States District Judge